# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **TRAVISE HULEY,** *Plaintiff,* v. **STACEY MCCLAIN,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:19-CV-00303-TES-TQL** |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Travise Huley has filed a Complaint in this Court on July 29, 2019 seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1]. Because Plaintiff's complaint form was not complete and did not describe the nature of his claims, on September 9, 2019, the Court ordered Plaintiff to recast his Complaint on the Court's standard form. [Doc. 5]. Plaintiff was given 21 days to comply, and he was warned that failure to fully and timely comply with the Court's orders would result in the dismissal of this case. [Doc. 5].

The time for compliance passed with no response from Plaintiff. On November 26, 2019, Plaintiff was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was given 21 days to respond, and he was again warned that failure to respond would result in the dismissal of his Complaint. [Doc. 6].

On December 16, 2019, the Court received a notice indicating that Plaintiff's address had changed. [Doc. 7]. Accordingly, on January 9, 2020, the Clerk's office mailed

a copy of the Court's November 26, 2019 Show Cause Order to Plaintiff's new mailing address.

More than 21 days has now passed since the Clerk re-sent the Show Cause Order to Plaintiff's new address, and the Court has yet to receive Plaintiff's recast Complaint. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, the Court **DISMISSES** Plaintiff's Complaint **without prejudice**. See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").[1]

**SO ORDERED**, this 19th day of February, 2020.

s/Tilman E. Self_____
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] It is unclear from Plaintiff's Complaint whether the statute of limitations on his claims has run or will run in the near future. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered Plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).